24-488-cv
*Toyota Lease Trust v. Village of Freeport*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty-five.

PRESENT:

> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges.*

_____

TOYOTA LEASE TRUST,

> *Plaintiff - Appellee*,

> v.                                                                                      No. 24-488-cv

VILLAGE OF FREEPORT,

> *Defendant - Appellant*,

ALL COUNTY HOOK UP TOWING, INC.,

JOSEPH CALVAGNO,

        *Defendants*.[*]

_____

| | |
|---|---|
| FOR APPELLANT: | KEITH M. CORBETT (Brian D. Ginsberg, *on the brief*), Harris Beach PLLC, Uniondale, NY. |
| FOR APPELLEE: | NICHOLAS A. DUSTON (Benjamin D. Schwartz, *on the brief*), Norris McLaughlin, P.A., New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gujarati, *District Judge*; Locke, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on February 16, 2024, is **VACATED** and the case is **REMANDED** for further proceedings.

Defendant-Appellant Village of Freeport ("the Village"), a municipality located in Nassau County, New York, appeals from a judgment of the United States District Court for the Eastern District of New York (Locke, *M.J.*) awarding $235,054.25 in attorneys' fees to Plaintiff-Appellee Toyota Lease Trust ("Toyota"), a subsidiary of Toyota Motor Credit Corporation. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to vacate and remand.

---

[*] The Clerk of Court is directed to amend the caption to conform to the above.

2

## Background

Toyota held title to a Camry leased to two residents of the Village. Those residents allowed more than $1,000 in Village parking tickets to accumulate over time. In January 2020, the outstanding parking fees triggered the Village's seizure of the Camry from a public road under its "scofflaw" policy (the "Policy"). Under the Policy, the Village or its agent (a towing company) would impound and retain an offending vehicle until the tickets and related fees were paid.

In May 2020, Toyota—which by then had displaced the vehicle's lessees, who defaulted on the lease—sued the Village under 42 U.S.C. § 1983. It asserted that the Village's seizure of the Camry without a warrant was unreasonable, in violation of its Fourth Amendment rights, and that the Village did not afford it sufficient process under the Fourteenth Amendment because it provided neither timely notice nor any opportunity to be heard. More broadly, it argued that the Policy embodied an unconstitutional application of New York State Vehicle and Traffic Law § 1224, the state traffic law upon which the Village relied. Finally, it further alleged that the Policy violated other New York statutory and constitutional laws. Naming the Village, the towing company, and the towing company's owner as defendants, it sought declaratory and injunctive relief, damages of different kinds, replevin, and certain other relief.

In July 2022, Toyota moved for partial summary judgment.[1] It asked for a ruling that the seizure and impoundment of the Camry, and other similarly situated vehicles, violated the Fourth and Fourteenth Amendments; a judgment declaring the Policy violative of the U.S. Constitution; and $3,601 in compensatory damages. The Village, in turn, sought partial summary judgment on its opposing legal claims defending the Policy.

Magistrate Judge Locke recommended that the district court: (1) award summary judgment to Toyota on its Fourth and Fourteenth Amendment claims that the Village's impoundment of the Camry was an unreasonable seizure and that it occurred without due process of law; (2) deny Toyota summary judgment on its compensatory damages claim; (3) grant judgment declaring the Policy broadly unconstitutional under the Fourth Amendment's prohibition against unreasonable, warrantless seizures and the Fourteenth Amendment's prohibition against deprivations of property without due process of law; (4) dismiss the replevin claim as moot; and (5) permit Toyota to request an inquest on damages. *See Toyota Lease Tr. v. Vill. of Freeport*, 2023 WL 4443992, at *5, 12–14 (E.D.N.Y. Jan. 24, 2023). He also recommended that the district court order the Village to submit legislation, which the court would review, amending the Policy to provide additional process. *Id.* at *12–13.

In March 2023, Judge Gujarati adopted this recommendation in part. She granted summary judgment to Toyota on its federal constitutional claims as

---

[1] In November 2020, the Village surrendered the Camry to Toyota. Before seeking summary judgment, Toyota dismissed its claims against the towing company and its owner. Only the Village is a party to this appeal.

4

applied to the Village's seizure of the Camry. *See Toyota Lease Tr. v. Vill. of Freeport*, 2023 WL 4449333, at *2 (E.D.N.Y. Mar. 30, 2023); *Toyota Lease Tr.*, 2023 WL 4443992 at *8 ("Freeport's Scofflaw policy as applied in this case violated Plaintiff's Fourth Amendment rights"); *id.* at *10. She denied summary judgment as to compensatory damages and granted summary judgment to the Village on the replevin claim. *Toyota Lease Tr. v. Vill. of Freeport*, 2023 WL 4449333, at *2. She reserved decision on Toyota's broad request for declaratory relief as to the constitutionality of the Policy. *Id.*[2]

In April 2023, the court met with the parties to discuss Toyota's request for declaratory relief. The parties agreed to submit a joint letter on that issue.

Two weeks later, Toyota and the Village advised the court by letter from counsel to Toyota that they had reached agreement on the remaining merits issues. Counsel reported Toyota's agreement to withdraw its state constitutional and statutory claims, and the Village's agreement that it had "policy-makers [working on] revising their [P]olicy" to provide more effective notice and to avoid unreasonable, warrantless seizures. App'x 509. Toyota's counsel further advised, "[T]here is no need for Court supervision of the proposed alternate legislation" because the Magistrate Judge's "report and recommendation . . . addressed all major constitutional issues surrounding the current policy" and that the ruling "should be a sufficient guide" to the Village. *Id.* The parties later stipulated that only two issues still required the court's attention: the amounts due Toyota as compensatory damages and for its attorneys' fees and costs under

---

[2] The judge's reservation included any ruling as to the recommendation that the court order the Village to submit new legislation curing the Policy's charged constitutional infirmities.

5

42 U.S.C. § 1988(b). They consented to proceed before Magistrate Judge Locke on these issues.

In those later proceedings, the Magistrate Judge awarded Toyota $232 in compensatory damages, a sum calculated to cover the Camry's depreciation during the roughly ten-month period when it was in the Village's custody. *See Toyota Lease Tr. v. Vill. of Freeport*, 2024 WL 639989, at *7–9 (E.D.N.Y. Feb. 15, 2024). He rejected Toyota's claimed damages for loss of use of the vehicle during those ten months. *Id.* at *12.

As to attorneys' fees, Toyota requested $249,943.50. *See Toyota Lease Tr.*, 2024 WL 639989, at *9. The Magistrate Judge carefully considered Toyota's request using the lodestar method. He found reasonable most of the hours claimed by Toyota's attorneys, but reduced the hours claimed for work on a reply brief "largely dedicated to fee litigation." *Id.* at *10–11. Then, having found to be reasonable the hourly rates proposed for each of the seven attorneys who charged time to the case, he awarded Toyota $235,054.25. *Id.* at *8–11.[3]

The Magistrate Judge further determined that a December 2021 letter and attachments delivered to Toyota in an email sent by counsel for the Village (the "December Documents") did not constitute an "Offer of Judgment" under Federal Rule of Civil Procedure 68 such as would serve to cap the fee and cost award. *Id.* at *11. Judgment was entered accordingly.

The Village timely appealed.

---

[3] He reduced the rate applied to the paralegal who worked on the case. *Id.* at *10.

6

## **Discussion**

Contesting the fee award, the Village argues that Magistrate Judge Locke erred in two ways: first, by failing to discount the claimed fees to reflect what it describes as Toyota's low overall degree of success in the case; and second, by concluding that the December Documents did not satisfy Rule 68.

On review, we conclude that the able Magistrate Judge carefully reviewed the claimed attorneys' fees as to hours and rates, making some appropriate reductions and amendments. Nonetheless, the final fee award lay outside the range of permissible decisions because the current record gives no indication that the Magistrate Judge took any account of the degree of actual success achieved by Toyota. As to the court's Rule 68 ruling, however, we identify no error.

A. Degree of Success Adjustment

We review a district court's attorneys' fees award for abuse of discretion. *See Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019). An abuse of discretion "occurs 'when (1) the court's decision rests on an error of law (such as application of the wrong legal principle) or clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions.'" *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010) (quoting *Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 209 (2d Cir. 2009)) (alterations adopted).

In a suit brought under § 1983, a district court may award the prevailing party "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. None

dispute that here, Toyota is the prevailing party. The court ultimately ruled in Toyota's favor on an as-applied version of two of its claims against the Village, and Toyota obtained a damages award related to the Camry's seizure. An award of some amount of attorneys' fees was certainly authorized by § 1988 in these circumstances. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603–04 (2001); *Cabrera v. Jakabovitz*, 24 F.3d 372, 393 (2d Cir. 1994) (superseded in part by statute).

The Village nevertheless strenuously argues that the Magistrate Judge erred by making any fees award at all to Toyota, despite the company having prevailed. We are not persuaded. As we have described, Toyota did more than "prevail on a technicality in a mostly frivolous lawsuit." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 168 (2d Cir. 2011). Accordingly, it was within the court's discretion to make some fee award to Toyota.

The Village makes a further general argument that the $235,054.25 sum designated by Magistrate Judge Locke was unreasonable, excessive, and outside the range of permissible decisions. It urges that the court did not take any account of the limited degree of success achieved by Toyota in determining a "reasonable" fee.[4]

The Supreme Court has taught that "the degree of success obtained" during a litigation is the "most critical factor" in computing an appropriate lodestar award. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *see also Farrar v.*

---

[4] Toyota urges that the Village forfeited any argument on degree of success by failing to develop the position in its district court briefing. We disagree: the Village invoked this critical aspect sufficiently to preserve it for appeal. *See* Supp. App'x 19–20; App'x 592.

8

*Hobby*, 506 U.S. 103, 114 (1992). We, in turn, have instructed that a court should look to "the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in the complaint," as "key factors" in computing the degree of success. *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008); *see also Hensley*, 461 U.S. at 435.

The Magistrate Judge's opinion did not speak at all to the effect of this "critical factor." Because we cannot discern from the Magistrate Judge's written decision whether or, if so, how the degree of Toyota's success bore on his determination, we vacate the award and remand the case to allow the district court, with its "superior understanding of the litigation," *Hensley*, 461 U.S. at 437, and familiarity with the facts, to make a fresh determination of an appropriate fee.

### B.  The December Documents and Rule 68

The Village also challenges the Magistrate Judge's conclusion that the December Documents did not qualify as a Rule 68 "offer of judgment." The Village asserts that it made a qualifying offer that would have allowed Toyota to take a judgment against it for $900. As a result, it says, it capped its liability for fees and costs to those incurred by Toyota before the date of the letter.

We agree with the Magistrate Judge. The proposed "Judgment and Order" included in the December Documents nowhere actually stated that judgment would be entered against the Village. App'x 640, 643–51. So, the Magistrate Judge was correct to conclude that it failed to satisfy Rule 68.

\* \* \*

9

For the reasons set forth above, the District Court's judgment awarding $235,054.25 in attorneys' fees to Toyota is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this order. [5]

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[5] In its brief on appeal, Toyota requested leave to file a supplemental application in the district court for an award of attorney's fees related to services rendered in this appeal. *See* Appellee's Br. at 50. We hereby deny the request.